## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| CARL DEMONBRUN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>FULL SAIL, INC. and FULL SAIL, LLC, dba FULL SAIL UNIVERSITY,<br><br>      Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

Defendants Full Sail, Inc. and Full Sail, LLC, dba Full Sail University ("Defendants"), through counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1453 and the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), and state as follows:

  1.  Plaintiff commenced this civil action on May 15, 2020, in the Ninth Judicial Circuit Court for Orange County, Florida, which is located in this judicial district, under Case Number 2020-CA-005189-O.

  2.  Defendants were served with a summons and a copy of the Complaint on May 29, 2020.

  3.  This Court has jurisdiction of this Action under 28 U.S.C. § 1332, *et seq.*, as amended by CAFA.

4.  Defendants are filing this Notice of Removal within 30 days of receipt of the Complaint.

5.  Defendant Full Sail, Inc. is incorporated under the laws of the state of Florida and maintains its principal place of business in Florida. Defendant Full Sail, LLC is a limited liability corporation organized under the laws of the state of Florida and also maintains a principal place of business in Florida.

6.  CAFA allows removal when the class action could have been commenced initially in federal court under 28 U.S.C. § 1332(d). Defendants provide this "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).[1]

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

7.  On or about May 15, 2020, Plaintiff Carl Demonbrun commenced this Action in the Ninth Judicial Circuit in and for Orange County, Florida. (*See* Complaint ("Compl."), attached as **Exhibit A**.) The Complaint names Full Sail, Inc. and Full Sail, LLC as Defendants.[2]

8.  Plaintiff's allegations arise from Full Sail University's suspension of in-person classes and on-campus activities to protect the health and lives of students and educators, comply with government mandates as a result of the COVID-19 pandemic, and further protect the broader community by flattening the curve and reducing the spread and severity of the pandemic. Colleges and universities, as well as K-12 schools, made similar suspensions throughout Florida and across the country. Plaintiff alleges

---

[1] The Supreme Court has clarified that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84; *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

[2] Full Sail, Inc. is not a properly named party; Full Sail, LLC is the entity that owns and operates Full Sail University.

that, during the COVID-19 pandemic, he and a purported class of similarly situated students have suffered damages as a result of the shift from campus classes to a virtual learning platform for portions of their campus programs. Specifically, Plaintiff alleges that the virtual classes provided to him and other class members are less valuable than the campus classes they replaced.

9. Defendants were served with a summons and a copy of the Complaint on May 29, 2020.

10. Defendants are not aware of any other process, pleading, or order in this Action.

11. This Notice of Removal is timely because it is filed within the time allowed by 28 U.S.C. § 1446(b).

## VENUE

12. Plaintiff filed the Action in the Ninth Judicial Circuit in and for Orange County, Florida. Therefore, venue properly lies in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

13. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Middle District of Florida, the undersigned will provide written notice of the filing to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the State of Florida Ninth Judicial Circuit in and for Orange County, Florida, pursuant to 28 U.S.C. § 1446(d).

## SUBJECT MATTER JURISDICTION

14. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d). This case is a civil putative class action and: (1) the proposed class contains at least 100 members; (2) "the matter in controversy exceeds the sum or value of $5,000,000"; and (3) at least one member of Plaintiff's putative class is a citizen of a state

different from Defendants. *Id.* Accordingly, removal is proper pursuant to 28 U.S.C. § 1446.

15. The Supreme Court made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

16. This case meets CAFA's requirement that it be a proposed "class action." *See* 28 U.S.C. § 1332(d)(2). A "class action" for purposes of CAFA means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

17. Plaintiff alleges that he brings the case as "a class action" and that certification of the putative class is appropriate. (Compl. ¶¶ 1, 68-73, 110.)

## THE PROPOSED CLASS HAS AT LEAST 100 MEMBERS

18. The proposed class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent a putative class of Full Sail University students who were enrolled in on-campus programs in March 2020. (Compl. ¶¶ 1, 68, 70.)

19. Plaintiff alleges that in 2020, Full Sail University "enrolled approximately 15,000 undergraduate and graduate students" (*id.* ¶ 12) and that "the Class includes several thousand people" (*id.* ¶ 70). Thus, the putative class has more than 100 members, and the jurisdictional threshold is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

20. This case meets CAFA's requirement that "the matter in controversy exceeds the sum or value of $5,000,000." *See* 28 U.S.C. § 1332(d)(2). The relevant sum is the "aggregate[]" of the "claims of the individual class members." *Id.* § 1332(d)(6).

21.     The Complaint asserts that the purported class is seeking (1) "reimbursement for the unused services for which they paid in the form of various university fees," and (2) the "decreased value of the education they received as a result of classes transitioning from in-person/on-campus instruction to an entirely remote, virtual learning format." (Compl. ¶ 2; *see also id.* ¶ 58 (alleging that Defendants owe the putative class "the difference in value between what they paid for and what they received" after instruction moved online).)

22.     The Complaint further alleges that "Plaintiff paid more than $20,000 in tuition in 2020." (*Id.* ¶ 36.) The Complaint asserts that students in on-campus programs pay 17 percent to 55 percent more than students enrolled in online programs. (*Id.* ¶ 16.)

23.     Additionally, Plaintiff alleges that his damages are "typical" because "Plaintiff and the other Class members each paid for tuition associated with the March 2020 and/or subsequent semesters but were not provided the services that those costs were meant to cover." (*Id.* ¶ 72.)

24.     The aggregate amount in controversy exceeds $5 million. While Plaintiff has alleged that his payment of $20,000 in tuition is "typical," even a smaller typical payment would be sufficient for federal jurisdiction. Taking half the tuition ($20,000) Plaintiff allegedly paid as "typical" in 2020, there would be a semester payment of $10,000 per on-campus student. Plaintiff alleges on-campus students paid between 17% and 55% more than online students. Taking 36% as an average differential, the alleged difference in the amount on-campus students paid over online students was approximately $2,647 per student ($10,000 is 36% more than $7,353, and the difference is $2,647).

25.     Assuming there are only 2,000 class members—the low end of Plaintiff's class allegations of "thousands"—the recovery sought for the tuition differential alone would be $5,294,000 (2,000 x $2,647) for one semester.

26.     In addition to the tuition differential for the spring of 2020, Plaintiff seeks recovery for subsequent semesters (*id.* ¶ 68), and reimbursement for the allegedly "unused services" for which students paid "in the form of various university fees" (*id.* ¶ 2). Plaintiff also seeks "reasonable attorney's fees"[3] (*id.* ¶110), though Plaintiff does not assert on which grounds he believes he is entitled to fees.

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

27.     The case also meets CAFA's diversity requirement. *See* 28 U.S.C. § 1332(d)(2).

28.     CAFA requires only minimal diversity, meaning that "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A).

29.     To determine the domicile of college students, courts look at a number of factors. "[O]ut-of-state students are usually regarded only as temporary residents and 'it is therefore usually presumed that they retain their domicile at their *former place of abode*.'" *Scoggins v. Pollock*, 727 F.2d 1025, 1027 (11th Cir. 1984) (emphasis added).

30.     While Plaintiff Demonbrun may "reside" in Florida, he is a citizen of and is domiciled in Nevada, where Plaintiff lived at the time he applied to Full Sail University. His Nevada domicile is set forth on his application to Full Sail University.

---

[3] The Court determines the amount in controversy for CAFA based on a plaintiff's allegations, rather than what a plaintiff can actually recover. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

31. As for the putative class members, approximately 69 percent of on-campus Full Sail University students are from outside of Florida; they are from nearly every state in the country plus numerous foreign countries.[4]

32. Defendants Full Sail, Inc. and Full Sail, LLC are both incorporated in or organized under Florida law, and both have their principal places of business in Florida. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). While not relevant, the members of Full Sail, LLC include several entities that are citizens of Florida.

33. With putative class members hailing from nearly every state and from outside the United States, the parties are sufficiently diverse to meet the requirements of CAFA. 28 U.S.C. § 1332(d)(2)(A)-(B).

## THE EXCEPTIONS TO CAFA JURISDICTION DO NOT APPLY

34. No exception to CAFA jurisdiction applies here. Plaintiff bears the burden of establishing otherwise. *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014).

35. Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal a copy of all process, pleadings, and orders entered in this case. *See* **Exhibit A**.

---

[4] *See* Full Sail University Fact Sheet, https://www.fullsail.edu/resources/brochure-file/pr_FactBrochure.pdf.

WHEREFORE, Defendants remove the Action from the State of Florida Ninth Judicial Circuit Court for Orange County, Florida, to this Court.

Dated:  June 29, 2020              Respectfully submitted,


*/s/ Vincent A. Citro*
Vincent A. Citro
Florida Bar Number: 0468657
Law Offices of Horwitz & Citro, P.A.
17 East Pine Street
Orlando, FL 32801
Telephone: (407) 843-7733
Facsimile: (407) 849-1321
vince@horwitzcitrolaw.com

David Mills (*Pro Hac Vice* to be filed)
Dana Moss (*Pro Hac Vice* to be filed)
COOLEY LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004
Tel.: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
dmoss@cooley.com

Elizabeth Wright (*Pro Hac Vice* to be filed)
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Tel.: (617) 937-2349
Fax: (617) 937-2400
ewright@cooley.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on June 29, 2020, the foregoing was filed via CM/ECF, and true and correct copies were served via e-mail to:

> Matthew D. Schultz (FBN 0640328)
> Rebecca K. Timmons (FBN 121701)
> Brenton J. Goodman (FBN 126153)
> LEVIN, PAPANTONIO, THOMAS,
> MITCHELL, RAFFERTY & PROCTOR, P.A.
> 316 S. Baylen St., Suite 600
> Pensacola, FL 32502
> mschultz@levinlaw.com
> rtimmons@levinlaw.com
> bgoodman@levinlaw.com
>
> E Michelle Drake
> BERGER MONTAGUE, PC
> 43 SE Main St., Suite 505
> Minneapolis, MN 55414
> emdrake@bm.net

/s/ *Vincent A. Citro*
Vincent A. Citro
Florida Bar Number: 0468657
Law Office of Horwitz & Citro, P.A.
17 East Pine Street
Orlando, FL 32801
Tel.: (407) 843-7733
vince@horwitzcitrolaw.com
Local Counsel for Defendants

228076477